IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 19-cv-22342

IRAIZ HERNANDEZ,

    Plaintiff,
vs.

CAPITAL ONE, N.A.,

    Defendant.
                                           /

## COMPLAINT
JURY TRIAL

Plaintiff, Iraiz Hernandez, by and through undersigned counsel, sues Defendant, Kohl's Department Stores Inc., and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for actual and statutory damages, costs and attorney's fees brought pursuant to the Telephone Consumer Collection Practices Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Florida Statutes § 559.72 *et seq.*

2. The jurisdiction of this Court is conferred by 28 U.S.C. §§ 1331, 1337 and 1367.

3. Venue is proper in the Southern District of Florida (the "Southern District") as the Plaintiff resides in the Southern District and Defendant sent communications to Plaintiff in the Southern District.

## PARTIES

3. Plaintiff, Iraiz Hernandez ("Ms. Hernandez"), is a natural person and resident of the State of Florida, Miami-Dade County, and is otherwise *sui juris*. At all times material hereto, Ms. Hernandez was and is a consumer as defined by the FCCPA.

4. Defendant, Capital One, N.A. ("Cap One"), is a national banking association, with its principal place of business in Virginia, and authorized to do business in the State of Florida, as a consumer lender. It is a "creditor" as defined by the FCCPA.

5. At all times material hereto, the communications alleged herein were "communications" as defined by the FCCPA.

## FACTUAL ALLEGATIONS

6. Ms. Hernandez opened two credit card accounts with Kohl's Department Stores ("Kohl's).

7. The Kohl's credit cards were issued by Capital One.

8. Cap One sought to collect from Ms. Hernandez the alleged debts arising from the accounts, which were for a personal, household or family purpose.

9. Due to financial difficulties, Ms. Hernandez retained undersigned counsel to negotiate his debts, including the Kohl's credit card debt (the "Debt").

10. On October 18, 2018, undersigned counsel sent letters to Kohl's, one for each account, which specifically requested that Kohl's cease and desist all communications with Ms. Hernandez.  Undersigned counsel continues to represent Ms. Hernandez.

11. Thereafter, while Cap One was aware that Ms. Hernandez was represented by undersigned counsel, Cap One continued to send statements directly to Ms. Hernandez seeking to collect a debt, in violation of the FCCPA.

12. At no time did Cap One attempt to contact undersigned counsel.

13. Ms. Hernandez did not consent to the direct communication with Cap One and did not initiate communications with Cap One.

14. Defendant, or others acting on its behalf, left messages of pre-recorded telephone messages on Plaintiff's cellular telephone and called and hung up without leaving messages on other occasions ("the telephone messages").

15. Defendant, or others acting on its behalf, used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

16. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(a)(A).

17. Defendant willfully or knowingly violated the TCPA.

### COUNT I – COMMUNICATION WITH CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF FLA. STAT. § 559.72(18)

18. The allegations contained in Paragraphs 1 through 13 are hereby adopted and realleged as though fully set forth herein.

19. Defendant communicated directly with Ms. Hernandez when Defendant knew that Ms. Hernandez was represented by an attorney in violation of Fla. Stat. §559.72(18).

20. The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345 (S.D. Fla. 2008).

WHEREFORE, Plaintiff demands judgment be entered in her favor and against Cap One for the following:

a) Actual damages in an amount to be proved at trial;

b) Attorneys' fees, litigation expenses and costs of suit;

c) Declaring that Defendant's direct communication with Plaintiff violates the FCCPA;

d) Permanently enjoining Defendant from direct communication with Plaintiff; and

e) Such other and further relief as this Court deems just and proper.

## COUNT II – VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

21. The allegations contained in Paragraphs 1 through 17 are hereby adopted and realleged as though fully set forth herein.

33. Defendant, or others acting on its behalf, placed non-emergency telephone calls to Ms. Hernandez's cellular telephone using an automatic dialing system or pre-recorded or artificial voice in violation of 47 U.S.C. § 227(b)(1(A)(iii).

WHEREFORE, Plaintiff demands judgment be entered in his favor and against Cap One for the following:

a) Actual and statutory damages in an amount to be proved at trial;

b) A declaration that Defendant's calls violate the TCPA;

c) A permanent injunction prohibiting Defendant from placing non-emergency calls to the Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

d) Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demand trial by jury of all such matters triable.

Dated: June 7, 2019.

                                  Debt Shield Law
                                  Attorneys for Plaintiff
                                  3440 Hollywood Blvd., Suite 415
                                  Hollywood, FL 33021
                                  Tel:  305-776-1805
                                  Email: service@debtshieldlaw.com
                                                    joel@debtshieldlaw.com


                                  */s/ Joel D. Lucoff*
                                  Joel D. Lucoff
                                  Fla. Bar No. 192163